L. H. MARSHBURN ET AL. v. SIDNEY STEWART ET AL.

No. 3793.    Decided April 2, 1924.

(260. S. W., 565.).

1.- Innocent Purchaser—Community or Separate Property.

A married man living in Alabama bought land in Texas, paying cash. No recital in the deed showed it to be other than community property. The law of Alabama made the purchase money, cash in possession, the husband's property. On his death it passed to his surviving wife, if community property, and to her heirs on her subsequent death. If his separate property it passed to his heirs, from whom defendants purchased. Plaintiff had bought from the heirs of the wife. He recovered on a finding that he was an innocent purchaser without notice that it was other than community property. On appeal by defendants the case was reversed and remanded because the evidence did not show plaintiff to be an innocent purchaser,—a ruling based on a view of the law applicable to the undisputed facts here held erroneous. On writ of error granted plaintiff, it is *held*:    (1)    The case comes within the rule that in a cause remanded by the Court of Civil Appeals for a new trial on the facts, its finding of no evidence, though one of law, is held to include the finding of insufficiency of the evidence, though one of fact, and the order of remand must be respected by the Supreme Court, the judgment of the appellate court being final on a question of fact.    Wallace v. Southern Cot. Oil Co., 91 Texas, 22;  Electric Exp. & Bag. Co. v. Ablon, 110 Texas, 243;  Houston Oil Co. v. Billingsley, 213 S. W., 249;  Nussbaum v. Blumenthal, 221 S. W., 944;  Rogers v. Lancaster, 248 S. W., 660;  Mason v. Peterson, 250 S. W., 147;  Chapman v. Kellogg, 252 S. W., 156.    (2).    A different rule prevails where the appellate court renders judgment instead of remanding, and such cases are to be distinguished from this.    Beck v. Texas Co., 105 Texas, 303;  Walton v. Walton, 228 S. W., 921;  Cox v. Railway Co., 111 Texas, 15.    (Pp. 517-520).

2.—Community Property—Innocent Purchaser—Burden of Proof.

Since our statute made property acquired during marriage apparently community, the burden of showing that a purchaser for value of the title so shown, and which descended to heirs of the wife, had knowledge of facts which would render it the separate property of the husband (or putting him on inquiry which pursued with reasonable diligence would have given him such knowledge) rested on those claiming under heirs of the husband as his separate property.    (Pp. 513, 517).

3.—Same.

Evidence here considered is held to render the issue of innocent purchaser one of fact, and to render erroneous a finding by the Court of Civil Appeals of its insufficiency, where that was based on a mistaken view of the law as to the burden of proof.    (Pp. 512-517).

Error to the Court of Civil Appeals for the Ninth District, in an appeal from Tyler County.

The suit was by Marshburn against Stewart and others for recovery of land. From a judgment for plaintiff, defendants appealed, resulting in a reversal and remand (240 S. W., 331) on which writ of error was granted by the Supreme Court. The case was referred to the

Commission of Appeals, Section A. Its disposition there and in the Supreme Court appears in the opinion on a second motion for rehearing rendered by Mr. Justice Greenwood, with which is published the first opinion rendered by the Commission of Appeals, which the court is directed to follow in the trial on remand.

*Oswald S. Parker* (*W. D. Gordon*, of counsel) for plaintiff in error.

Laws of descent are as effective to pass the legal as the equitable title, and apparent title so acquired includes both. The property appearing to belong to the community, his surviving wife took the full apparent title, including the legal title, held by Cyrus S. Aikin, by force of the statutes, so that Marshburn took by purchase from her heirs the full apparent title, legal as well as equitable, and the burden was on his adversaries to show that his purchase was not bona fide. Sanborn v. Schuler, 86 Texas, 116, 23 S. W., 641; Same case, C. C. A. decision, 22 S. W., 119; Cook v. Bremond, 27 Texas, 460; Burleson v. Alvis, 66 S. W., 236.

Ignorance of the law of another state is ignorance of fact. Moreland v. Atchison, 19 Texas, 311; Netzorg v. Geren, 62 S. W., 791; Heidenheimer v. Loring, 26 S. W., 101.

Facts putting one upon inquiry do not ipso facto prevent him from becoming a bona fide purchaser. If prior to purchase, he have information sufficient to put him upon inquiry of a particular defect in title or of adverse claim, if he pursue a proper inquiry and thereby ascertains facts which would satisfy a prudent man that the title he proposes to purchase is good, he may still be a purchaser in good faith. Whether he is or not, under such conditions, is a question of fact to be determined by the jury or by the trial judge in the absence of a jury. Bacon v. O'Connor, 25 Texas, 225-226; Bowles v. Belt, 159 S. W., 888; Slayton v. Singleton, 72 Texas, 213-214; Pipkin v. Ware, 175 S. W., 811; Eylar v. Eylar, 60 Texas, 319-320; Smith v. Miller, 63 Texas, 75; Watkins v. Sproull, 28 S. W., 357; Paris Grocer Co. v. Burks, 101 Texas, 111, 105 S. W., 175; Stewart v. Crosby, 26 S. W., 140-141; Love v. Breedlove, 75 Texas, 652.

We note cases in which the Supreme Court of Texas reversed judgments by the Courts of Civil Appeals reversing and remanding cases for new trials, in many instances based on their decision on the facts, as they viewed them, and affirmed the judgments of the District Court in those cases. Cagle v. Sabine Valley Timber & Lbr. Co., 109 Texas, 178; Moore v. Lee, 109 Texas, 391; Stevens v. Cobern, 109 Texas, 574; Hanrick v. Hanrick, 110 Texas, 59; Hunt v. State, 110 Texas, 204; Simmons v. Dickson, 110 Texas, 230; G. C. & S. F. Ry. Co. v. Bennett, 110 Texas, 262; Sullivan v. M. K. & T. Ry. Co. of Texas, 110 Texas, 360; Park v. Swartz, 110 Texas, 564; Buerger v. Wells,

110 Texas, 566; Corsicana Petroleum Company v. Owens, 110 Texas, 568.

The Commission of Appeals recommended judgments, which were adopted by the Supreme Court, affirming judgments of the District Court in the face of, and in connection with the reversal of judgments of the Court of Civil Appeals reversing and remanding those cases for new trials, in the following cases: Pope v. Beauchamp, 206 S. W., 928; Ins. Co. v. Polemanikos, 207 S. W., 922; Bank of Miami v. Young, 208 S. W., 656; Collins v. Railway Co., 212 S. W., 477; O'Brien v. Barcus, 212 S. W., 941; Peoria v. Rich, 212 S. W., 947; Am. Brew. Assn. v. Woods, 215 S. W., 448; Dalton v. Ins. Soc., 213 S. W., 230; Houston B. & T. Ry. Co. v. Glover, 213 S. W., 597; Wright v. Robertson, 213 S. W., 255; Houston Oil Co. v. Village Mills Co., 241 S. W., 122; Houston Oil Co. v. McCarthy, 245 S. W., 651.

*H. O. Head, Orgain & Carroll, Coleman & Lowe,* and *Kennerly, Williams, Lee & Hill,* for defendants in error.

The undisputed facts in this case show that before and at the time they purchased, Marshburn, and those claiming under him, had actual knowledge and notice of the title and claim of the true owners of the land, so that the finding of the court that appellees were entitled to recover 78 per cent. of the land as innocent purchasers, is clearly wrong. Houston Oil Co. v. Hayden, 135 S. W., 1152; Bounds v. Little, 75 Texas, 320; LaBrie v. Coatwright, 118 S. W., 787; Houston Oil Co. v. Wilhelm, 182 Fed., 474; United States v. Schwalby, 87 Texas, 604; Littleton v. Giddings, 47 Texas, 109; Rippetoe v. Dwyer, 65 Texas, 709; Houston Oil Co. v. Choate (not yet reported).

As Marshburn knew that Cyrus S. Aiken was a citizen of Alabama at the time the four thousand dollars cash was paid by Aiken for the land, the law of Texas that the ownership of this money was determined by the law of Alabama gave to Marshburn and the other appellees conclusive and unescapable notice that such fund was Cyrus S. Aikin's separate property under the Alabama law, so that the court erred in holding them entitled to protection as innocent purchasers. Burk v. Turner, 79 Texas, 278; Scheller v. Groesbeck, 215 S. W., 357; Blethen v. Bonner, 93 Texas, 141; Blethen v. Bonner (C. C. A.), 71 S. W., 290; Oliver v. Robertson, 41 Texas, 422; Waterman v. Charleton, 102 Texas, 513.

The possession of the land by the tenant of Houston Oil Company of Texas et al. constituted notice to appellees of the title and claim of these appellants, they being co-tenants, so that Marshburn and the other appellees were not innocent purchasers. Ramirez v. Smith, 94 Texas, 190; Collum v. Sanger, 98 Texas, 165; Moore v. Chamberlain, 109 Texas, 67; Markley v. Martin, 204 S. W., 124; Houston Oil Co. v. Choate (Supreme Court not yet reported).

In view of the action of the Court of Civil Appeals in reversing and remanding this cause for a new trial, the Supreme Court was without authority to set aside the judgment of the Court of Civil Appeals, and affirm that of the District Court. And the opinion of Judge German to the contrary is squarely in conflict with the numerous former decisions of this court in the following cases: Tweed v. Western Union, 107 Texas, 254; State v. Elza, 109 Texas, 259; Electric Co. v. Ablon, 110 Texas, 243; Marshall v. Petty, 107 Texas, 394; Railway v. Boone, 105 Texas, 191; Pollock v. Railway, 103 Texas, 71; Burgess v. Western Union, 92 Texas, 128; Wallace v. Oil Co., 91 Texas, 21-22; Lee v. Railway, 89 Texas, 589-90; Mutual Co. v. Hayward, 88 Texas, 322; Choate v. Railway, 91 Texas, 409; Chapman v. Kellogg, 252 S. W., 156-7; Rogers v. Lancaster, 248 S. W., 662; Nussbaum v. Blumenthal, 221 S. W., 944; Tisdale v. Railway Co., 228 S. W., 137; Lilienthal v. Motor Co., 239 S. W., 907.

The following authorities cited by Mr. Parker show that the Courts of Civil Appeals did not remand the case, but rendered final judgment, either by affirmance or by rendition: Cox v. Railway, 222 S. W., 966; Walton v. Walton, 228 S. W., 922; Rice Co. v. Rice Mills, 105 Texas, 522; Cook v. Smith, 107 Texas, 119; Pope v. Beauchamp, 206 S. W., 928; Land Co. v. McClelland, 86 Texas, 187.

The following authorities cited by Mr. Parker do not sustain him. They clearly do sustain us: Electric Co. v. Ablon, 110 Texas, 237; State v. Elza, 109 Texas, 261.

In the following cases cited by Mr. Parker the Courts of Civil Appeals did not remand because of the facts, but solely because of erroneous construction of a statute. This was a question of law purely. So the Supreme Court had jurisdiction. The question of the sufficiency of the evidence was not determined by the court: Houston Belt v. Glover, 213 S. W., 597; American, etc., v. Woods, 215 S. W., 448; Hunt v. State, 110 Texas, 204; Buerger v. Wells, 110 Texas, 566; O'Brien v. Barcus, 212 S. W., 941.

The cases in this group were remanded by the Courts of Civil Appeals because of error in the admission of evidence, there being no question of the sufficiency of the evidence to sustain the judgment: Wright v. Robertson, 213 S. W., 255; Sullivan v. Railway, 110 Texas, 360.

The Courts of Civil Appeals remanded the cases below because of their erroneous construction of written instruments forming the basis of the action. This involved a question of law, not the exercise of opinion on the facts: Hanrick v. Hanrick, 110 Texas, 60; Hunt v. State, 110 Texas, 204; Cagle v. Sabine Valley, etc., 109 Texas, 178; Stevens v. Cobern, 109 Texas, 574.

*W. W. Moore* and *Beeman Strong,* for defendant in error, Republic Prod. Co

MR. PRESIDING JUDGE GALLAGHER delivered the opinion of the Commission of Appeals, Section A.

L. H. Marshburn, plaintiff in error, instituted suit in the district court of Tyler County, Texas, against Sidney Stewart and others, defendants in error, to recover 3873 acres of land, a part of the George T. W. Collins league situated in said county. The other plaintiffs in error claim under him. Reba A. Gaines and others, claimants of the remainder of said league, none of which was ever held or claimed by Cyrus S. Aiken, were made parties defendant in the suit. The land sued for was conveyed by David O. Warren to Cyrus S. Aiken on the 10th day of January, 1842, by warranty deed reciting a cash consideration of $4000. The deed was acknowledged in San Augustine County, Texas. At the time Cyrus S. Aiken acquired said lands he was married to Mrs. Mildred Aiken and resided with her in the State of Alabama and continued to so reside until his death. He died on the 10th day of January, 1843, and his said wife died on the 7th day of July, 1843. Neither Cyrus S. Aiken nor his wife, Mildred Aiken, ever had any children. It was agreed on the trial that said Marshburn had, prior to November 1, 1918, acquired for a valuable consideration duly paid, conveyances from the heirs of Mildred Aiken to 78% of the land sued for and that the Houston Oil Company, one of the defendants in error, had prior to the trial acquired 22% of the title, if any, of said heirs.

It was also agreed that Marshburn held $77/80$ths of the $1/3$rd interest in said lands inherited by William Aiken, a brother of Cyrus S. Aiken, and the $4/5$ths of the $1/3$rd interest in the said lands inherited by Jane Love Aiken, a sister of Cyrus S. Aiken, and that the defendants in error held the remaining interest of said heirs in said land.

A trial before the court resulted in a judgment in favor of plaintiffs in error of 78% of the 3873 acres of land sued for and for the fractional interest aforesaid in the remaining 22% of said land, and a judgment apportioning the remainder of said land among the defendants in error. The judgment further awarded to Reba A. Gaines, and others, all of the Collins league except the 3873 acres thereof conveyed by David O. Warren, to Cyrus S. Aiken. Defendants in error appealed. The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause for another trial. 240 S. W., 331. On motion for rehearing by Marshburn and his associates, appellees in the Court of Civil Appeals, that court affirmed the judgment of the trial court in so far as it awarded to Reba A. Gaines and others, all of said Collins league except said 3873 acres and rendered judgment in favor of L. H. Marshburn, W. D. Gordon, J. B. Hooks and Oswald S. Parker for an undivided interest of 1816 acres, the same being their agreed fractional interest under said heirs of Cyrus S. Aiken as aforesaid in the Whole 3873 acres of land, and reversed

the judgment of the trial court in so far as it awarded to said Marshburn and his associates more than 1816 acres of land and remanded the cause for another trial on the remaining issues in the case. The Supreme Court granted a writ of error to the Court of Civil Appeals and its judgment reversing and remanding the cause is before us for review.

The land involved in this suit was acquired by purchase during the existence of the marriage between Cyrus S. Aiken and Mildred Aiken. There is nothing in the face of the deed to show that the consideration paid therefor was the separate property of Cyrus Aiken. There is nothing in the face of the deed to show that he was a citizen of Alabama at the time. Cyrus S. Aiken died before his wife. Since he never had any children, under our law she was the sole heir of all his interest in their common property. The legal title to all common property in his name in this State passed by inheritance to her at his death. 2 Gammell's Laws, page 178, Sec. 4. She, and after her death her heirs, apparently had a good legal fee simple title to said land. Marshburn acquired the interest therein asserted by him by conveyances from such heirs. He paid a valuable consideration therefor, the sufficiency of which is not questioned in this case.

Defendants in error proved that under the laws of the state of Alabama the title to all money and other personal property owned by the wife at the time of her marriage or acquired by her in any way thereafter during the existence of such marriage, vested in her husband absolutely as his separate property. They further proved that the possession by Aiken of the money paid by him to Warren in the purchase of the land involved in this suit and his payment of the same to said Warren therefor was prima facie evidence of absolute ownership of such money by said Aiken and prima facie evidence that his wife, Mildred Aiken, had no interest of any kind therein. The trial court under said proof and the facts above recited held that said land, though apparently common property of the marriage between Cyrus S. Aiken and Mildred Aiken, was in fact the separate property of said Cyrus S. Aiken and that the real legal fee simple title thereto at his death descended to the heirs of his separate estate. The Court of Civil Appeals approved this finding. The heirs of his separate estate under our law of descent and distribution at the time were his brothers and sisters under whom defendants in error claimed. Based on this holding the Court of Civil Appeals further held that the burden was on Marshburn to show that he was an innocent purchaser for value before he could recover on the apparent title held by him against the real title held by defendants in error. The Court of Civil Appeals, in arriving at such conclusion seems to have applied the rule concerning the burden of proof in a contest between a junior purchaser of land and the holder of the superior title thereto under a prior unrecorded deed, announced by the Supreme Court in Rogers v.

Pettus, 80 Texas, 425. The rule so announced seems to be the settled law of this state in such cases. It was approved by the Supreme Court in the case of Kimbal v. Houston Oil Company, 100 Texas, 336, but in that case the court explained that the reason for such rule is found in the language of our registration statutes, (R. S., Art. 6824), and that under the law as it existed prior to the passage of said statute the burden of proof in such cases rested on the holder of the prior but unrecorded deed.

We think the burden of proof in this case is controlled by the provisions of our statute which made the land involved herein apparently the common property of Aiken and his wife. In a contest between them in their lifetime he would have had to establish any claim to the contrary by proof. After his death before the heirs of his separate estate could have recovered such land from her they would have had the burden of establishing their claim thereto in like manner. Such burden rests on defendants in error in this case, regardless of whether Marshburn paid value for the land. While in this case the apparent title and the real title are both legal titles, we do not think in view of the legal presumption of the sufficiency of the apparent title and the burden of proof imposed by our law on the holder of the real title to prove its superiority that it should be given greater weight in determining the burden of proof on the question of notice than is given to an outstanding equitable title when asserted against a legal title. The law having invested Mrs. Aiken as survivor of the community with the apparent legal title in fee simple to this land, and such apparent title having passed to Marshburn for an adequate and valuable consideration, we think, before defendants in error can defeat the same they must further show that at the time he purchased he had notice of their rights, or that he had notice of facts sufficient to put him upon inquiry and that such inquiry, pursued with reasonable diligence, would have necessarily discovered the real facts upon which their claim to the land involved in this suit is predicated. No other rule as to the burden of proof in such cases would, in our opinion, be in harmony with the provisions of our statutes, and consistent with the decisions of our Supreme Court. Sanborn v. Schuler, 86 Texas, 116; Cooke v. Bremond, 27 Texas, 457, 459; Baldwin v. Root, 90 Texas, 546, 551-2; Patty v. Middleton, 82 Texas, 586, 589, et seq.

Plaintiff in error proved affirmatively that he did not know the law of Alabama which made the money paid by Cyrus S. Aiken for the land involved herein prima facie his separate property, upon which fact defendants in error's claim to superior title is based. He was neither charged with such knowledge nor put on inquiry as to the same by the mere fact that he knew Cyrus S. Aiken resided in Alabama at the date of his purchase of the land. In the absence of information concerning the law of that state with reference to the

property rights of husband and wife respectively, he was justified in presuming it was the same as the law of this State. Blethen v. Bonner, 93 Texas, 141, 143 and authorities there cited.

A trespass to try title suit was instituted in 1912 in the district court of Tyler County by certain heirs of Cyrus S. Aiken against the Houston Oil Company, one of the defendants in error, to recover the land involved herein. Said suit was continued from time to time and finally dismissed without prejudice at plaintiffs' cost on the 8th day of Feburary, 1915. The petition was not introduced in evidence. There is no contention that the pleadings in that case showed the grounds on which the claim of the plaintiffs therein was based. There were some powers of attorney held by parties in that community or in that section of the state from the heirs of Cyrus S. Aiken. Marshburn knew of said suit and of said powers of attorney. He knew the fact that a claim to the land had been asserted by the Aiken heirs by the filing of said suit and giving of said powers of attorney. It is not shown that he had any knowledge of said claim except as it arose out of said suit and said powers. Before he bought any of the land claimed by him and his associates he ascertained that said suit had been dismissed. He made inquiry of the attorneys who had filed and controlled the same and was informed by them that the plaintiffs in that case had abandoned their claim. He made inquiry of the party or parties holding such powers of attorney and was informed that said heirs had abandoned their claim. It appears that the heirs of the separate estate of Cyrus S. Aiken at the time Marshburn purchased were many in number and widely scattered through distant states. There is no attmept to show that any of such heirs were reasonably accessible for the purpose of personal inquiry concerning the nature of their claim. Marshburn ascertained that Cyrus S. Aiken and Mildred Aiken were husband and wife at the time he purchased the land; that Aiken never had any children and that his wife, Mildred Aiken, survived him. He consulted attorneys and on the facts above stated they advised him that the heirs of Mildred Aiken had a good title to said land, and so understanding and believing, he purchased from them or their assigns the interest in the said land asserted by him in this suit and paid an adequate valuable consideration therefor.

It was shown that after he had purchased all the interest claimed by him in said land under the heirs of Mildred Aiken the claim of the heirs of Cyrus S. Aiken was reasserted, and that he then acquired the fractional interest in said lands under the heirs of Cyrus A. Aiken so asserted by him to further protect his claim to the same, or at least a part thereof.

The trial court made, among other findings of fact, the following:

"Nineteenth: I further find from the evidence introduced upon this

trial that L. H. Marshburn made every reasonable inquiry that any reasonably prudent man could have been expected to make under the circumstances and conditions shown by the evidence in this case as to the claim theretofore asserted by those or any of those who would have inherited the separate estate of Cyrus S. Aiken, deceased, in so far as same could affect the title to the land here in controversy such inquiry and investigation by said L. H. Marshburn being made in good faith before he purchased the property here in controversy, or any part thereof, from the heirs of Mrs. Mildred Aiken, and being made for the purpose of ascertaining where the true title to said land was before attempting to purchase same, and that as a result of such inquiry and investigation he concluded, as he had a right to conclude under the facts and circumstances, that no such claim on the part of such heirs of Cyrus S. Aiken was being longer asserted but had been abandoned and that such claims theretofore asserted had no valid foundation and that the true title was in the heirs of Mrs. Mildred Aiken, and in thereafter purchasing such title L. H. Marshburn and W. D. Gorden who furnished part of the money for such purchase and to whom said L. H. Marshburn communicated the results of his investigation, were bona fide purchasers of the title, or apparent title so acquired from the heirs of Mildred S. Aiken, having paid valuable and large cash considerations therefor in perfect good faith, without notice of any facts which would adversely affect such title so purchased, and without knowledge of any facts which would require of them as reasonable and prudent men further inquiry than had theretofore been made.''

Such of the defendants in error as were appellants in the Court of Civil Appeals contended by appropriate assignments of error that said finding was without support in the evidence. That court sustained their contention on the ground that it was not shown that Marshburn, in addition to inquiring of the several parties above referred to whether the heirs of Cyrus S. Aiken were still asserting a claim to the land did not also inquire what was the basis for the claim at the time it was asserted, and also on the ground that said parties were not in a position to bind said heirs by their declarations, and finally, that Marshburn having notice that a claim had once been asserted by said heirs, in order to show that he had prosecuted his inquiry with reasonable diligence was required as a matter of law to inquire of said heirs or of some one lawfully authorized to speak for them as to the basis of the claim so asserted.

We think that the information possessed by Marshburn was of such a character as to put him on inquiry as to the basis of the claim asserted by said Cyrus S. Aiken's heirs. He, however, could refute the inference that he had or could have acquired knowledge of the basis of their claim by prosecuting such inquiry, by proving that he pursued

such inquiry with diligence and prudence without obtaining the knowledge with which defendants in error seek to charge him. Before he can be charged with knowledge of the basis of the claim of said heirs and its consequent validity, it must appear that the inquiry suggested by the fact that the said heirs had theretofore asserted a claim to said land, if followed with reasonable diligence, would necessarily have led to actual knowledge of the basis and validity of such claim. 21 Am. & Eng. Ency. Law, 2nd Ed., pp. 589, 590; 23 Id., p. 514; 27 R. C. L., p. 712, sec. 476; Bacon v. O'Conner, 25 Texas, 213, 226; Eylar v. Eylar, 60 Texas, 315, 318; Kenedy Pasture Co. v. State, 111 Texas, 200, 232; Rogers v. Wiley, 14 Ill., 65, 56 Am. Dec., 491, 492; Mercantile Nat'l Bank v. Parsons, 54 Minn., 56, 64; see note, 21st Eng. Ruling Cases, 772. We quote from Bacon v. O'Connor, supra, as follows:

"So if a purchaser has certain information of a particular defect in the title which he proposed to purchase, and pursues a proper inquiry into the truth of the information which he receives, and ascertains facts which would satisfy a prudent man that the defect to which his attention has been called does not in point of fact exist, he may still be a purchaser in good faith."

The Court of Civil Appeals based its holding that Marshburn could not be an innocent purchaser of the land without actual inquiry of the heirs or some one lawfully authorized to speak for them on the case of Bounds v. Little, 75 Texas, 316, 320. In that case certain heirs were setting up a claim under what appears to have been a lost and unrecorded deed and the court said that if Bounds had heard that said heirs claimed the land he should have made inquiry of them and if he failed to do so, the law would have affected him with notice of such facts with reference to the title as were within their knowledge. The facts in that case are briefly stated and nothing appears therein to indicate that the heirs were not well known and readily accessible, nor to indicate that it would not have been the easiest and most natural way of acquiring information to have made direct inquiry of them. We do not think that the learned Judge who wrote the opinion in that case intended by said statement to lay down as an inflexible rule that a party having notice of the assertion of an adverse claim is required by law to make personal inquiry of the claimant or of some one lawfully authorized to speak for him concerning the basis of such claim before he can be held, as a matter of fact, to have exercised reasonable diligence in pursuing his inquiry. Whether an inquiry has been pursued with reasonable diligence is ordinarily a fact to be ascertained in the light of all the attending circumstances in each particular case. We think the court, in using the language in said opinion so relied on was merely applying the law to the facts of that particular case, which facts, though briefly stated in the opinion, were doubtless recited in full in the record before the court at that time.

We think the fact that Marshburn did not inquire of the attorneys who filed and conducted said suit concerning the basis of the claim asserted by said heirs was merely a circumstance to be considered together with all the other facts and circumstances in evidence in determining the issue of whether Marshburn pursued his inquiry with reasonable diligence. We do not mean to be understood to say that the heirs were bound as a matter of law by the declarations of their former attorneys and the holders of powers of attorney from them to the effect that they had abandoned their claims. We merely hold that Marshburn's inquiry of such parties and the answers given by them to him to such inquiry were circumstances which might be considered in determining such issue. We think the evidence in this case raises an issue of fact as to whether Marshburn, knowing a claim to the land had been asserted by said heirs, exercised due diligence in pursuing his inquiry concerning the basis of such claim, which issue of another trial should be determined by the court under all the facts and circumstances in evidence at such trial, or submitted to a jury under proper instructions.

The record in this case shows that the Houston Oil Company put a tenant on said land in 1913, and kept him there continuously to the time of the trial. It further shows that in 1916 said Oil Company was claiming the land under the heirs of Mildred Aiken and that it was still claiming an interest in said lands under said heirs at the time of trial. Marshburn purchased the interest in said land claimed by him under the heirs of Mildred Aiken prior to November 1, 1918. The trial was had in March, 1921. On said trial it was agreed that said Oil Company also held an interest in said land under the heirs of Cyrus S. Aiken. The date at which it acquired such interest is not shown by such agreement nor by the evidence, nor is it shown that it ever had or asserted any such claim prior to Marshburn's purchase. It is contended by defendants in error that the possession of said tenant was constructive notice of the basis of their claim to the superior title to said land. The burden being on defendants in error to show notice to Marshburn of the basis of their claim prior to his purchase, before he, under the facts above stated, could be considered lacking in diligence for failing to make inquiry of such tenant, it devolved on defendants in error to show that said Oil Company at that time held and claimed some interest in said land under the heirs of Cyrus S. Aiken.

Defendants in error have not complained of the judgment of the Court of Civil Appeals in so far as it reversed the judgment of the the trial court and rendered judgment in favor of plaintiffs in error. The Court of Civil Appeals, however, in the exercise of its constitutional jurisdiction reversed the case on the facts and remanded it to the district court for another trial on the issue of whether Marshburn

was an innocent purchaser of an interest in the land under the heirs of Mildred Aiken. The Supreme Court is without jurisdiction to reverse that part of its judgment. Tweed v. Western Union Tel. Co., 107, 247, 255; Rogers & Adams v. Lancaster, (Com. Apps.), 248 S. W., 660, 662.

We recommend that the judgment of the Court of Civil Appeals be affirmed but that the court on another trial be governed by this opinion on the issues herein discussed.

Judgment of the Court of Civil Appeals remanding the case affirmed, but subsequent trial of the case to be governed by the opinion of the Commission of Appeals.

C. M. CURETON,
Chief Justice.

MR. JUSTICE GREENWOOD delivered the opinion of the Supreme Court.

On recommendation of the Commission of Appeals, the Supreme Court entered a judgment affirming the judgment of the Court of Civil Appeals remanding this cause for a new trial, with directions to the District Court to be governed by the opinion of Presiding Judge Gallagher. 254 S. W., 942, 946. Upon being convinced that the judgment of the District Court was correct and that the Court of Civil Appeals had reversed same on erroneous conclusions of law alone, the Commission of Appeals recommended that plaintiffs in error's motion for rehearing be granted and that the judgment of the Court of Civil Appeals be reversed and that of the District Court be affirmed. The Supreme Court thereupon decreed that the judgment of the Court of Civil Appeals be reversed and that the judgment of the District Court be affirmed. 256 S. W., 575, 577.

On consideration of defendants in error's motion for rehearing we are satisfied that it was erroneous to grant plaintiffs in error's motion for rehearing and to change the judgment originally recommended by the Commission.

The District Court gave judgment for plaintiff in error Marshburn for a certain undivided interest in the land in controversy on findings of fact that he acquired such interest as a purchaser in good faith, for value, and without notice. The findings were assailed by proper assignment of error as without support in the evidence, on appeal by defendants in error. The assignment was sustained. The opinion of the Court of Civil Appeals based its decision on erroneous principles of law, under which certain undisputed facts were held conclusive that Marshburn was chargeable with notice of the adverse claims. The second recommendation of the Commission reflected the view that no findings of fact were made by the Court of Civil Appeals which were inconsistent with the facts found by the trial court, and that since the error of the Court of Civil Appeals lay wholly in an

erroneous application of the law, the Supreme Court was empowered to reverse the judgment of the Court of Civil Appeals and to affirm that of the trial court.

This case comes within the rule that in a case remanded by the Court of Civil Appeals for a new trial on the facts, its finding of no evidence, though one of law, must be held, in the absence of contrary language, to include the finding of insufficient evidence, though one of fact, and that hence the order of remand must be respected by the Supreme Court. The constitution and statutes defining and regulating the jurisdiction and practice of the Supreme Court and of the Courts of Civil Appeals have been uniformly so construed since a few years after their original adoption. We followed the rule in the first judgment herein and erred in departing therefrom in our second judgment.

In Southern Cotton Oil Co. v. Wallace, 38 S. W., 1137, the Court of Civil Appeals decided the single question that the Oil Company was entitled to a peremptory instruction and thereupon reversed a judgment for Wallace and remanded the case for a new trial in the District Court. The decision was of a question of law. Nevertheless, when the decision was reversed as erroneous, the judgment of the court below was not affirmed.

The Court, per Justice Brown, gave the following reason for not affirming the trial court's judgment, viz: "The Court of Civil Appeals erred in holding that the District Court should have instructed the jury to find for the defendant, but that court had the authority to reverse the case because the evidence was not sufficient, and we consider that the insufficiency of the evidence was necessarily embraced in the finding of the court that there was no evidence to sustain the plaintiff's claim that he was the servant of the defendant below; hence we cannot reverse the judgment of the Court of Civil Appeals, and affirm the judgment of the District Court, but this case will be remanded to the District Court for trial in accordance with this opinion." Wallace v. Southern Cotton Oil Co., 91 Texas, 22.

There is a difference in the authority of the Supreme Court in causes wherein the Court of Civil Appeals enters a final judgment by affirming that of the trial court or by rendering a different judgment, and in causes wherein the judgment of the trial court is reversed and the case remanded for a new trial. The distinction was stated with clearness and precision in Tweed v. Western Union Telegraph Company, 107 Texas, 255, as follows: "With the Court of Civil Appeals invested with the full power of determining the facts of the cause, and setting aside the verdict of a jury on the facts, it must be assumed, . . . that in reaching a conclusion that the evidence showed as a matter of law that the plaintiff was not entitled to recover, and for that reason ordering that the cause be remanded, in the same

case it would have held that the verdict was against the weight of the evidence. With a case thus remanded under the judgment of the Court of Civil Appeals, it would amount to a denial of its authority to determine the facts and set aside a verdict on the evidence for this court to assume the power of rendering the judgment because it differed with the conclusion reached by that court upon the effect of the evidence.

"Beck v. The Texas Company, 105 Texas, 303, 148 S. W., 295, furnishes no analogy. The distinction between that case and this one is manifest. There the court did not exercise the authority it possessed to set aside the verdict on the facts and *remand* the cause. It *rendered* judgment in favor of the defendant on the facts; and in doing so made no finding of fact which would defeat recovery. In differing with the Court of Civil Appeals upon the question of law as to the effect of the evidence, we were authorized to affirm the judgment of the lower court, since the Court of Civil Appeals had not sought to exercise its province of determining the facts and ordering the case remanded for another trial because of its difference with the jury on the facts, and in affirming the judgment we therefore in nowise trenched upon its authority. *Had the Court of Civil Appeals there remanded the case instead of rendering judgment, we would have been compelled to respect its judgment to that extent and could not have affirmed the trial court judgment.*"

The cases of Walton v. Walton, 228 S. W., 921, Cox v. Ry. Co., 111 Texas, 15, and Beck v. Texas Co., 105 Texas, 303, relied on to support the second recommendation of the Commission of Appeals, were all cases where the Court of Civil Appeals rendered final judgment and did not remand the cause for a new trial. Hence, they all came within the rule stated in the Tweed case, which requires that the order be respected which was entered by the Court of Civil Appeals remanding this case for a new trial.

We cite from the numerous recent decisions adhering to the stated practice in cases of this character the following: Electric Co. v. Ablon, 110 Texas, 243; Houston Oil Co. v. Billingsly, 213 S. W., 249; Nussbaum v. Blumenthal, 221 S. W., 944; Rogers v. Lancaster, 248 S. W., 662; Mason v. Peterson, 250 S. W., 147; Chapman v. Kellogg, 252 S. W., 156.

It is ordered that the judgments heretofore entered herein be set aside and that the judgment of the Court of Civil Appeals reversing the judgment of the District Court and remanding this cause be affirmed, and that the District Court be governed by the opinion of Presiding Judge Gallagher, filed October 24, 1923, in the further proceedings herein.

*Reversal and remand affirmed with instructions.*