## MARTINEZ et al. v. VIDAURRI.
### (No. 516—4192.)

(Commission of Appeals of Texas, Section B. Oct. 14, 1925.)

1. **Appeal and error ⟐1175(5)—Court of Civil Appeals may remand case, where it thinks judgment is against weight of evidence, but cannot render final judgment, where some evidence supports trial court.**

   Court of Civil Appeals may remand a case if it thinks judgment of trial court is against weight of evidence, and such a remanding is binding on Supreme Court, but it cannot, in reversing trial court, render a final judgment, where there was evidence in record warranting findings of trial court.

2. **Appeal and error ⟐1114—Supreme Court cannot render final judgment, where Court of Civil Appeals remanded case as against weight of evidence.**

   Where opinion of Court of Civil Appeals shows that it would have remanded judgment of trial court as being against weight of evidence, the Supreme Court cannot render final judgment to the contrary, since by doing so it would invade jurisdiction of lower courts on fact questions, but can only remand case to trial court as Court of Appeals would have done.

3. **Easements ⟐18(1)—Inconvenience not sufficient to establish way by necessity.**

   A mere matter of inconvenience is not sufficient to establish a way by necessity.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Mercurio Martinez and others against Juan Vidaurri. From a judgment by the Court of Civil Appeals (260 S. W. 651), reversing a judgment granting plaintiffs a permanent writ of injunction, and rendering judgment for defendant, plaintiffs bring error. Reversed and remanded for a new trial.

Hicks, Hicks, Dickson & Bobbitt, of San Antonio, for plaintiffs in error.

Drew Pruitt and Cline & MacManus, all of San Antonio, for defendant in error.

POWELL, P. J. The nature of this case has been stated in the fifth, sixth and seventh findings of fact of the trial court as follows:

"(5) Since the year 1859 up to the present date there has been in existence a public road extending from a point on the present main Zapata-Laredo road near the Recuerdo farm, marked on the map 'Mercurio Martinez farm,'

in a northwestern direction, across the land of defendant, Juan Vidaurri, and between the 'Cerrito de Mendez or Mendez Hills, and thence branching into two roads, one of which proceeds in a northwestern direction to the point marked 'El Altito' on the map, and the other of which extends in a northern direction, and joins the present main Zapata-Laredo road at a point about 3,500 varas north of the Recuerdo farm. This last mentioned road was formerly the main road, and the only road between Zapata and Laredo, and has never been abandoned as a road. When the present main road from Zapata to Laredo was opened in 1899, the old main road was still used by many persons, and both the old main road and the new main road were used by the general public up to the present date. The road extending from a point on the present main Zapata-Laredo road near the Recuerdo farm, and thence between the Mendez Hills to 'El Altito,' has been used as a public road by the public generally since 1859. All the persons who owned and possessed all the tracts of land shown on the map lying to the west of the present main road between Zapata and Laredo, their families, tenants, servants, and employees, used the road extending from the Recuerdo farm through the Mendez Hills to 'El Altito.' The use of all these roads during the whole period of their use by the public has been continuous, peaceable, actual, open, visible, adverse, and hostile to the claims of the defendant, Juan Vidaurri. It is not shown that the defendant ever used any of these roads. There have been various changes and shiftings in the route of the road to 'El Altito' and the old main Laredo-Zapata road, but the portion of these roads which lies between the Mendez Hills and a short distance on each side of the 'Mendez Hills, being the portion in controversy and being the portion which defendant has now attempted to close to the use of the public, has never been altered or changed in any way, and has been used as a public road by the public since 1859, and has never been abandoned. None of these roads has ever been abandoned.

"(6) It is necessary for the plaintiff Mercurio Martinez to use the road between the Mendez Hills in traveling between his Recuerdo farm and the tract marked 'share No. 4A, Mercurio Martinez, 16.6 acres.' There is a water tank upon the last mentioned tract of land, and it is necessary for him and his family and servants to travel along this road from the Recuerdo farm, where he has growing crops and where his servants live, to secure water from this tank for household purposes, and to water the live stock which he has upon the Recuerdo farm. Plaintiff Mercurio Martinez and his servants have used this road continuously from the year 1904 to the present date.

"(7) During the year 1910 the defendant, Juan Vidaurri, for the first time erected a fence which runs northeast and southwest along the southern portion of the Dolores subdivision of the Borrego grant, and across the road between the Mendez Hills or Cerrito de Mendez, which extends from a point on the present main Laredo-Zapata road near the Recuerdo farm, and thence between said hills, and thence in a northwestern direction until it branches into two roads, one of which extends to 'El Altito' and the other of which joins the present main Laredo-Zapata road at a point about 3,500 varas north of the Recuerdo farm. At the same time

that the defendant erected this fence he constructed a gate across said road, which gate was left open to the public. There never was a time when the road was fenced up or the gate locked so as to bar the public from using the road between the Mendez Hills until June 19th, 1921, when the defendant, Juan Vidaurri, removed said gate and erected wires across the road, completely closing the same to the use of the plaintiffs and the public. This suit was filed June 21st, 1921, for an injunction commanding the defendant to replace the gate at this point of the road and to refrain from interfering with the use of the road by the plaintiffs or the public. The gate was located directly between the two hills called the Mendez Hills."

Upon the above fact findings, the trial court filed the following pertinent conclusions of law:

"(2) The public acquired an easement by prescription over the road which extends from a point on the main Zapata-Laredo road about 150 yards north of the most northern corner of the Recuerdo farm across the land of defendant, between the Mendez Hills and thence in two branches, one of which extends in a northwestern direction in the direction of 'El Altito'; the other of which extends northward, and joins the present main Laredo-Zapata road at a point about 3,500 varas north of the Recuerdo farm.

"(3) Each of the plaintiffs has a special interest in said road and suffered special damage by the closing of said road, and is therefore entitled to maintain a suit to enforce the right of the public to use said road as a public road.

"(4) The plaintiff Benjamin Martinez has acquired a private and individual easement by prescription, over the land of defendant, Juan Vidaurri, in traveling from the Benjamin Martinez 19.3-acre tract share No. 3–A along the road between the Mendez Hills to the main Zapata-Laredo road.

"(5) Defendant's act of fencing up the road between the Mendez Hills was unlawful, and the legal remedy is inadequate to enable plaintiffs to assert and maintain the right of the public and the right of Benjamin Martinez individually to use the road in question.

"(6) Plaintiffs are therefore entitled to a permanent writ of injunction commanding the defendant to open the road," etc.

Upon appeal, the Court of Civil Appeals found that the facts did not support the judgment of the trial court, and proceeded to reverse that judgment and render judgment for defendant in error. See 260 S. W. 651.

The Court of Civil Appeals does not, in any material way, differ with the plaintiffs in error upon the law of this case. For instance, in its opinion on motion for rehearing, that court says:

"This court has not held, and does not hold, that an unfenced road through unfenced territory cannot become a public highway by prescription regardless of any other facts. No court has ever held that, and not one word has been written in the opinion of this court that is in conflict with the cases cited by appellees."

Again that court says:

"It is the rule that in order to establish a highway by prescription it must be proved that the general public, under a claim of right, and not by mere permission or sufferance of the owner, has used a defined or fixed way without interruption. or substantial change for a period of time, fixed at ten years in Texas. The claim must be adverse and uninterrupted under a claim of right, and a certain and well-defined line of travel must be shown."

The only portion of the road in controversy in the instant suit is that through the Mendez Hills and the approaches thereto and therefrom. In that particular, the case is closely analogous to the case of Hall v. City of Austin, 20 Tex. Civ. App. 59, 48 S. W. 53, in which Chief Justice Fisher for the Austin Court of Civil Appeals wrote a very able opinion. In that case the court held it was a question of fact for the jury as to whether or not the public had acquired a prescriptive right in a road through the mountains near the dam in Austin. Judge Fisher reversed the trial court for holding that there could be no public road by prescription on uninclosed lands. Hills or mountains are natural barriers, and mark out and confine the road and fix its course. Such objects provided by nature are just as effective as fencing done by man. The all-important fact is that the road must be marked out and definitely fixed so as to show a use adverse to the owner. See Railway Co. v. Baudat, 21 Tex. Civ. App. 236, 51 S. W. 541.

A situation of that kind is quite different from travel over an open prairie country, where there is no well-defined roadbed. In this very connection we quote as follows from Judge Fisher's opinion aforesaid:

"It is true the facts in the record do not show that the commissioners' court, or public authorities who may have had control over public roads, ever recognized the road and ford in question as a public highway; but the facts trace a user of the ford and road in question upon the part of the public generally to 1870— a much longer time than would be necessary, so far as the element of time alone is concerned, to vest an easement in the public. The evidence tends to establish an unequivocal and continuous use upon the part of the people generally who were called upon to use that road, of a character sufficiently certain and definite in its nature to impress the belief upon the owner of the fee, as well as others who may have knowledge of the facts surrounding the use of the road, that it was the purpose and intention upon the part of the public to establish a public road by use."

[1] Now the Court of Civil Appeals had authority to remand the instant case because in its view the judgment of the trial court was against the weight of the evidence. Such a remand would have been binding upon the Supreme Court. But that court had no authority to reverse the trial court and render final judgment, if there was any evidence in the record to warrant the findings of the trial court. We have carefully read the statement of facts, and find considerable evidence sustaining the conclusions of the trial court. It is unnecessary to repeat it here. ·The application itself quotes much of such testimony. While the evidence upon these points is conflicting, there is testimony to show that there was a well defined road through and between these Mendez Hills and over the approaches thereto and therefrom, used many years longer than Chief Justice Fly says would be necessary to acquire a prescriptive right. Therefore the Court of Civil Appeals erred in rendering final judgment contrary to that of the trial court.

[2] But a reading of the opinion of the Court of Civil Appeals leaves no doubt but that said court would have remanded the judgment of the trial court as being against the great weight of the testimony had that matter been acted upon by them. The holding that there was no evidence in this case clearly includes the lesser holding that the judgment was against the weight of the testimony. Where the Court of Civil Appeals shows it would, if passing upon that question, remand the cause because against the weight of the evidence, the Supreme Court cannot render final judgment to the contrary. If it did so, it would invade the jurisdiction of the lower courts on fact questions. Our court can only remand the case to the trial court just as the Court of Civil Appeals would have done, and whose action in doing so would be final. See Barron v. Railway Co., 249 S. W. 825; Turley v. Campbell, 241 S. W. 682; Brown v. City Service Co., 245 S. W. 656; Chapman v. Kellogg, 252 S. W. 156; Marshburn v. Stewart, 113 Tex. 507, 254 S. W. 942, 260 S. W. 565. All of these cases, except the last, are by the Commission of Appeals. The opinion in the last-cited case was written by Judge Greenwood.

[3] The Court of Civil Appeals has correctly held that plaintiffs in error are not entitled to the road as "a way of necessity." A mere matter of inconvenience is not sufficient basis to establish a right of this kind.

The Court of Civil Appeals says:

"The use of the road causes no financial loss or damage to appellant [defendant in error here], but if closed would cause inconvenience to appellees [plaintiffs in error here]."

That court shows that the Martinez people would have to travel three or four times as far in watering their cattle if this road through the hills should remain closed.

For the reason we have already stated, we recommend that the judgments of the district court and Court of Civil Appeals be reversed and the cause remanded to the former for a new trial.

CURETON, C. J. The judgment recommended in the report of the Commission of

Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of 'Appeals on the questions discussed in its opinion.