### DAVEY TREE EXPERT CO. v. DYESS.
### No. 8285.

Court of Civil Appeals of Texas. San Antonio. Dec. 11, 1929.

Appellant's Motion for Rehearing Granted Jan. 15, 1930. Rehearing Overruled Feb. 19, 1930.

Campbell, Myer & Foster and King, Wood & Morrow, all of Houston, for appellant.
A. D. Dyess, of Houston, for appellee.

FLY, C. J. Appellant was the plaintiff in the county court, and sought to recover of appellee the sum of $397.66 for treating his trees and removing the moss from them. The cause was submitted to a jury on special issues, and upon the answers thereto judgment was rendered that appellant recover nothing by its suit.

The jury found that the employees of appellant, who treated the trees, were not experts in such work, that the work was not done in a "proper and expert workmanship manner," and answered the question as to the reasonable value of the services performed, "Due nothing."

The contract provided for expert treatment of appellee's trees at the rate of $1.80 for each hour consumed in the treatment of the trees, and the cost of the materials and express charges. Appellee agreed to pay within 10 days of receipt of invoice, and reserved the right to stop the work at any time. The employees of appellant were first to remove the moss from the trees and prune them thoroughly of all dead wood and excavate all decayed parts of the trees. The trees were growing on a lot owned by appellee in the city of Houston. There were nine trees. The employees worked 205 hours on the trees, 5 men working for 5½ days, so as to cover the number of hours mentioned. Appellee agreed to the number of hours and materials consumed as well as the express on materials. Helsey, the foreman of the working squad, swore that the work was done "in a good and workmanlike manner" and that the material was used in the treatment of the trees. Appellee refused to pay for the work and material.

There is not one word of proof tending to show that the work on the trees was not ex-

pertly and skillfully done. The evidence showed that appellant did the work with its experts and appellee had agreed that appellant's "experts" treat his trees. He visited them at least twice while they were at work, and raised no objection to the kind of work they were performing. He did not attempt to prove that the work was not skillfully and properly performed, and there is no testimony to sustain the finding of the jury that the work was not done in an expert and proper manner. Appellee made no objection to the work and made no effort to show that it was not properly done. Only the foreman of the workers of appellant swore as to the quality of the work done, and he testified that it was expertly and well done. Not one word of testimony was offered to contradict that statement. The foreman may not have been an expert tree surgeon when first hired 8 years before, but the experience acquired through that number of years qualified him as an expert, and he it was who directed the work done for appellee, and he testified that the work was done in an expert and proper manner.

There is no testimony to sustain the verdict, and the judgment will be reversed, and the cause remanded.

On Motion of Appellant for Rehearing.

■ The motion seeks to obtain a rendition of judgment instead of a remanding to the lower court. This court has had quite a number of judgments reversed by the Supreme Court, through its Commission of Appeals, where this court had rendered judgment on a finding that there was no evidence to sustain the judgment of the trial court, and we concluded that we could not exceed our statutory right, as it might be possible that the court of last resort does not recognize the authority and power of Courts of Civil Appeals to pass on the facts and render judgments on their conclusions as to such facts. Martinez v. Vidaurri (Tex. Com. App.) 275 S. W. 999; Greenlaw v. Dilworth (Tex. Com. App.) 299 S. W. 875. However, we still remember that judgments of Courts of Civil Appeals are under the statute "conclusive in all cases on the facts of the case (Rev. Stats. art. 1820), and that the statutory power is given such courts to render judgments in cases of reversal, when there is no matter of fact to be ascertained, or damages to be assessed, or the matter to be decreed is uncertain." We have not yet ascertained that the two cases cited and others that might be cited come within the exceptions named.

Again, it may be contended that this court has final jurisdiction and its judgments are "conclusive on the law and facts, nor shall a writ of error be allowed thereto from the Supreme Court" in all cases originating in the county court, except in certain cases specially named, but writs are constantly being granted in county court cases without regard to the subject-matter of the suit.

Upon reconsideration of the facts, we have concluded that the judgment of the county court is totally without facts to sustain it, and that the statutes make it our duty to render such judgment as should have been rendered in the trial court, and it is therefore the order of this court that the former order remanding the cause be set aside, and that judgment be here rendered that appellant recover of appellee the sum of $397.66, the amount sued for, together with 6 per cent. interest from the 30th day of January, 1929, and that appellee pay all costs in this behalf expended.