## DYESS v. DAVEY TREE EXPERT CO.

### No. 1490—5762.

Commission of Appeals of Texas, Section A.

Jan. 6, 1932.

A. D. Dyess and Leon Jaworski, both of Houston, for plaintiff in error.

King, Wood & Morrow, W. S. Jacobs, Jr., and Campbell, Myer & Foster, all of Houston, for defendant in error.

SHARP, J.

The Davey Tree Expert Company filed this suit in the county court at law No. 2 in Harris county and sought to recover of A. D. Dyess the sum of $379.66 for treating his trees and removing the moss therefrom. The case was submitted to a jury on special issues and, based upon the answers of the jury to the special issues, judgment was rendered that the Davey Tree Expert Company recover nothing by its suit against A. D. Dyess. An appeal was made to the Court of Civil Appeals of the Fourth Supreme Judicial District, and that court reversed the judgment of the trial court and rendered judgment in favor of the Davey Tree Expert Company against A. D. Dyess for the sum of $379.66. 24 S.W.(2d) 775. The Supreme Court granted a writ of error.

The pleadings and the testimony adduced in the trial court raised the issue as to whether or not the employees of the Davey Tree Expert Company were competent to do such work as treating trees. The issues were sharply drawn upon this question. The trial court submitted to the jury the following special issues:

"An expert is one who is skilled in any particular art, trade or profession, being possessed of peculiar knowledge concerning the same.

"Special Issue No. 1: Was the plaintiff's employee, C. A. Heisey, a tree expert, as that

term is herein defined to you, on March 25th, 1927?

"Answer 'yes' or 'no' as you may find the facts to be."

To which the jury answered "No."

"Special Issue No. 2: Was the plaintiff's employee, W. B. McNemar, a tree expert, as that term is herein defined to you, on March 25th, 1927?

"Answer 'yes' or 'no' as you may find the facts to be."

To which the jury answered "No."

"Special Issue No. 3: Was the plaintiff's employee, A. C. Standish, a tree expert, as that term is herein defined to you, on March 25th, 1927?

"Answer 'yes' or 'no' as you may find the facts to be."

To which the jury answered "No."

"Special Issue No. 4: Was the plaintiff's employee, G. A. Robinson, a tree expert, as that term is herein defined to you, on March 25th, 1927?

"Answer 'yes' or 'no' as you may find the facts to be."

To which the jury answered "No."

"Special Issue No. 5: Was the work done on the defendant's trees by the plaintiff, its agents and employees, done in a proper and expert workmanship manner, and of a reasonable fitness for its intended use and benefit?

"Answer 'yes' or 'no' as you find the facts to be."

To which the jury answered "No."

"In the event you have answered any of the preceding interrogatories in the negative, and only in that event, then you will answer this question:

"Special Issue No. 6: State in dollars and cents what, if anything, was the reasonable value of the services performed and materials furnished, taking into consideration the manner of their use, by the plaintiff for the defendant."

To which the jury answered "Due Nothing."

C. A. Heisey, one of the witnesses for the Davey Tree Expert Company, testified, in part, as follows:

"I am thirty-three years of age. I have been a tree expert for eight years. If I remember correctly I came down to Houston from the northern territory; I worked in Detroit prior to April 1927. I stated I had been a tree expert for eight years. I mean that eight years ago I took up this work. I was not an expert when I took it up. I have been with the Davey Tree Expert Company for eight years. I was one of their tree experts from the time I took it up.

"At the time Mr. W. P. McNemar came to me I had known him about four or five months. I don't just recall how long he had been working then. He had only been with me a matter of a few weeks or a few months. I know that he had done work on trees prior to that. I had not seen him do it. It is just hearsay so far as what he had done before. Mr. Standish has been with me for about five months. I had not known him prior to the time he came with me. I do not know of my own knowledge what he had done prior thereto. He was one of my tree experts. I had known Mr. G. A. Robinson for the same length of time, about five months; I did not know him at the time he came to me. I had never seen him cut a tree or saw a tree."

The record contains many photographs introduced in evidence by both the Davey Tree Expert Company and A. D. Dyess, showing the condition of the trees after their treatment by the employees of the Davey Tree Expert Company.

■ Plaintiff in error contends that, in the face of this record, the Court of Civil Appeals erred in reversing the judgment of the trial court and rendering judgment for defendant in error. The Court of Civil Appeals having held "that the judgment of the county court is totally without facts to sustain it" and reversed same, and rendered judgment in favor of the Davey Tree Expert Company against A. D. Dyess in the sum of $397.66, this holding by the Court of Civil Appeals gives the Supreme Court the power to review the evidence. Marshburn v. Stewart, 113 Tex. 518, 254 S. W. 942, 260 S. W. 565; Tweed v. Western Union Telegraph Co., 107 Tex. 247, 255, 166 S. W. 696, 177 S. W. 957; Beck v. Texas Co., 105 Tex. 303, 148 S. W. 295; Martinez et al. v. Vidaurri (Tex. Com. App.) 275 S. W. 999; Greenlaw et al. v. Dilworth et al. (Tex. Com. App.) 299 S. W. 875; Sprinkles et al. v. Kerbow et al. (Tex. Com. App.) 279 S. W. 805; Tunnell v. Reeves (Tex. Com. App.) 35 S.W.(2d) 707; Wilson v. Dickson (Tex. Com. App.) 35 S.W.(2d) 701.

■ In view of the findings made by the jury to the special issues submitted by the trial court, and of the evidence adduced upon the trial, we are of the opinion that the Court of Civil Appeals erred in reversing and rendering this cause, as was done. We have carefully considered all the testimony, and we do not think that it can be said, as a matter of law, that there is no testimony to support the findings of the jury to the special issues submitted to them.

■ It is a well-established rule in this state that, when the findings of the jury during the trial of a case find support in the evidence introduced upon the trial, the Court of Civil Appeals is not authorized to overturn the findings of fact and render final judgment to the contrary. Patrick v. Smith, 90 Tex. 267, 38 S. W. 17; Houston & T. C. Ry. Co. v.

Strycharski, 92 Tex. 1, 37 S. W. 415, 417; Choate v. S. A. Ry. Co., 91 Tex. 406, 44 S. W. 69; Eidson v. Reeder, 101 Tex. 202, 105 S. W. 1113. Judge Brown clearly states the rule in the case of Houston & T. C. Ry. Co. v. Strycharski, as follows:

"In the exercise of its appellate jurisdiction, a court of civil appeals may draw from the evidence conclusions of fact different from those arrived at by the jury or judge, and it may reverse the judgment of the lower court, and remand the cause, for the reason that the verdict and judgment are against the weight of the evidence. But the determination of questions of fact as the basis of a final judgment involves the exercise of original jurisdiction which has not been conferred upon the courts of civil appeals."

Under the state of the record, we do not think it can be said, as a matter of law, that there was no evidence of any probative force to sustain the findings of the jury to the special issues submitted by the trial court. It can only become a question of law when the facts and circumstances are such that but one reasonable conclusion can be drawn therefrom. Wininger v. Ry. Co., 105 Tex. 56, 143 S. W. 1150; Radley v. Knepfly, 104 Tex. 130, 135 S. W. 111; Cartwright v. Canode, 106 Tex. 507, 171 S. W. 696; Galveston H. & S. A. Ry. Co. v. American Groc. Co. (Tex. Sup.) 36 S.W.(2d) 985.

Therefore, we recommend that the judgment of the Court of Civil Appeals reversing and rendering the judgment be reversed, and that the judgment of the trial court be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals is reversed, and the judgment of the district court affirmed, as recommended by the Commission of Appeals.