### CITY OF HILLSBORO v. HENRIETTA V. JACKSON ET AL.

Delivered February 16, 1898.

**1. Contributory Negligence—Streets.**

Contributory negligence on the part of one who fell at night into a ditch cut across a sidewalk is not established by the fact that he knew of the existence of the danger prior to the time of the injury.

**2. Same—Pleading.**

One injured by falling at night into an excavation across a sidewalk need not plead freedom from contributory negligence, where the allegations in the petition do not show prima facie negligence on the part of the plaintiff.

**3. Practice on Appeal—Charge of Court.**

An appellant can not complain where the very charge he is objecting to was requested by himself.

**4. Husband and Wife—Charge and Verdict.**

In a joint action by husband and wife to recover for injuries sustained by the latter in falling into a ditch cut across a sidewalk, an instruction to the jury that if they believed the injuries to be permanent, to allow such further damages as would reasonably compensate the plaintiff, is not erroneous where the verdict expressly shows damages on behalf of the wife only.

APPEAL from Hill.    Tried below before Hon. J. M. HALL.

*R. T. Jones, J. T. Williams, W. C. Wear,* and *W. C. Morrow,* for appellant.

*W. E. Spell* and *Smith & Phillips,* for appellee.

JAMES, CHIEF JUSTICE.—Henrietta V. Jackson, joined by her husband, brought this action, alleging in effect that the city, while constructing sewers, had excavated a ditch about eight feet in depth on West Franklin Street, and run and cut the same on and across the said street and across a certain sidewalk, and that the dirt from such ditch was thrown out on one side thereof, and that on the night of plaintiff's injury, she, in company with some of her friends, went to visit an acquaintance, and had occasion in doing so to cross said ditch, which they

did safely but with difficulty. After the visit, on their way back, there being no signal light or other means taken to apprise them of the presence of the ditch or to afford protection, plaintiff being ignorant of where the ditch was, it being a dark night, plaintiff fell into the ditch and sustained serious bodily injuries, through defendant's negligence in leaving said ditch at the place and in the condition it was.

The answer was by demurrers, general denial, and plea of contributory negligence. Verdict for plaintiff.

We conclude as matters of fact that the evidence was sufficient to support the verdict as to the injuries being the result of defendant's negligence, and as to plaintiff not being barred from recovering by contributory negligence, and that the verdict was not excessive.

There was a general demurrer to the petition, on the ground that it alleged the night was dark, that plaintiff had a short time before crossed the ditch with difficulty, thus showing she knew of its existence, and that it was therefore essential that it should have alleged that she exercised proper care at the time; in other words, the meaning of the demurrer is that said allegations made a presumptive case of negligence against her, and the petition to be good should have contained allegations rebutting this presumption.

The demurrer was correctly overruled. That plaintiff was shown by the petition to have had, at a time previous to the accident, knowledge of the existence of a dangerous place, would not of itself have warranted a court in directing a verdict against her, as being guilty of contributory negligence at the time she was hurt. This has in effect been held in a number of cases. Denison v. Sanford, 2 Texas Civ. App., 662; Lee v. Railway, 36 S. W. Rep., 63.

Here plaintiff alleges that her injury was due to the negligence of the city; therefore, if her having seen this excavation on a previous occasion did not necessarily show contributory negligence on her part at the time of her injury, the petition did not fail to disclose a cause of action.

The expression in the case of Railway v. Spieker, 61 Texas, 427, to which appellant refers, has been disapproved. Railway v. Schieder, 88 Texas, 162. And the declared rule on the subject, as we understand it, is that in order to place upon plaintiff the burden of exonerating himself from contributory negligence, either by allegation or proof, the evidence, or plaintiff's allegations, as the case may be, must present his act as one showing prima facie negligence on his part; in other words, his allegations or proof must be such, standing alone, as would warrant an instruction that he had been negligent, and this court has thus applied the rule. Dalwigh v. Railway, 42 S. W. Rep., 1009. This disposes of the subjects of the second, third, fourth, tenth, and fourteenth assignments. Appellant's fourth assignment is not valid for the further reason that the very charge complained of had been requested by it. Railway v. Sein, 89 Texas, 63.

The verdict expressly stating that the jury found for the plaintiff Henrietta V. Jackson in the sum of $2542, clearly shows that they did

not consider any damage in reference to her husband, hence the clause, "If you further believe that the injuries, if any, to said Henrietta V. Jackson are permanent, you will allow them such further damages as will reasonably compensate plaintiffs for such personal injury," and likewise the clause mentioned in assignment of error $7\frac{1}{2}$, did not prejudice defendant. There is obviously no error shown by the sixth assignment.

The eighth assignment complains of the refusal of an instruction to the effect that if plaintiff knew of the existence of the ditch, and "she thoughtlessly and in an absent-minded way stepped into it, and this proximately contributed to her injury, she could not recover." By this charge the court would have told the jury that certain acts constituted negligence. The same observation disposes of the ninth.

The seventh assignment may be disposed of by saying that the court did charge the jury concerning the contributory negligence and the effect thereof. The sixteenth assignment is of no force, nor the seventeenth assignment.

*Affirmed.*

Writ of error refused.