### W. J. EIDSON v. P. K. REEDER ET AL.

No. 1757. Decided December 11, 1907.

**Jurisdiction of Court of Civil Appeals—Rendering Judgment.**

The power given the Court of Civil Appeals, on reversal, to render such judgment as the court below should have rendered (Rev. Stats. art. 1027), means such as it should have rendered upon the evidence presented and admitted; it cannot, on holding evidence to have been improperly excluded render judgment thereon such as the lower court might have done if it had been admitted and treated as undisputed. (Pp. 204, 205.)

Error to the Court of Civil Appeals for the Third District in an appeal from Coke County.

Eidson sued Reeder and others for the recovery of land and had judgment. Defendants appealed and the judgment was reversed and rendered in their favor, and Eidson obtained writ of error.

*Brightman & Upton,* for plaintiff in error.

*Patteson & Merchant, R. B. Truly, C. H. Willingham* and *Hill & Lee,* for defendants in error.—That the Court of Civil Appeals had the power upon reversing the judgment of the court below, to render judgment on the evidence in the record disclosed by the bills of exceptions agreed to by the parties and certified in due form by the judge: Sayles' Rev. Stats., arts. 1014, 1027; Henne v. Moultrie, 97 Texas, 216; Harwood v. Blythe, 32 Texas, 803; Holliman v. Griffin, 37 Texas, 453; Good v. Galveston, H. & S. A. Ry. Co., 11 S. W. Rep., 854; Galveston, H. & S. A. Ry. Co. v. Templeton, 25 S. W. Rep., 136.

The undisputed evidence by plaintiff in error showing that the absolute deed to Gay, Guest and Swift was intended as a mortgage to

secure them as sureties on his note to defendant in error Wylie, and that said deed was to be turned back to him when he paid off the debt, it inured to the benefit of said Wylie. 2 Brandt on Suretyship, sec. 324; Magill v. Brown, 20 Texas Civ. App., 677; Wheeler v. First Natl. Bank of Bellville, 41 S. W. Rep., 376.

Said Wylie and his vendee, being in possession, could not be ousted of that possession until plaintiff in error paid or tendered payment of said debt. Loving v. Milliken, 59 Texas, 426; Duke v. Reed, 64 Texas, 715; Bosse v. Johnson, 73 Texas, 608; Baker v. Collins, 4 Texas Civ. App., 524.

MR. JUSTICE BROWN delivered the opinion of the court.

Eidson instituted this suit against the defendants in error to recover a survey of land in the name of Mrs. V. E. Thomas, and another survey granted to D. E. Holloway, each containing 160 acres and each located in Coke County. The petition described the lands by metes and bounds. Reeder vouched in as his warrantor, R. K. Wiley, and both of them pleaded a general denial, plea of not guilty, and Reeder pleaded the statute of limitation.

Plaintiff introduced in evidence a regular chain of title from the State to himself, and rested. Defendants introduced in evidence a judgment of the District Court of Runnels County against W. J. Eidson and other parties not necessary to name. Defendants then offered to prove by W. L. Towner that he was clerk of the District Court of Runnels County on January 4, 1897, and, as such clerk he, on that day, issued and sent to the sheriff of Coke County an execution on the judgment against Eidson and others; that the execution was afterwards returned to the district clerk's office and endorsed thereon was a return signed by L. B. Murray, sheriff of Coke County, that he had searched diligently in the office of the clerk of the District Court of Runnels County for the execution and could not find it. They offered to prove by the said witness that there was entered upon the execution docket of the District Court of Runnels County the following return: "Sheriff's Return. Came to hand on the 4th day of January, 1897, at 10 o'clock A. M., and executed on the 5th day of January, 1897, by levying on 160 acres of land situated in Coke County, Texas, known as the D. E. Holloway grant, abstract No. 194; also 160 acres, original grantee, Mrs. V. E. Thomas, abstract No. 689, situated in the county and state aforesaid, and on the 5th day of January, 1897, by advertising." Defendants offered to prove substantially the same facts by R. A. Terry, at the time of the trial the clerk of the District Court of Runnels County, as to the loss of the execution and the return and entry on the execution docket. Defendants also offered in evidence a deed dated the 3rd day of February, 1897, signed by L. B. Murray, sheriff of Coke County, which purported to convey to R. K. Wiley, in consideration of $184.00, cash, the lands described therein, as follows: "1st. Survey No. 1, abstract No. 194, original grantee, D. E. Holloway, purchased at 65 cents per acre, containing 160 acres. 2nd. Survey No. 1, abstract No. 689, original grantee, Mrs. V. E. Thomas, containing 160 acres at 50c per acre, both tracts aggregating a total of $184.00."

The deed was in the usual form of a sheriff's deed and recited that the land was levied on and sold by virtue of the execution issued on the judgment before referred to. Defendants also offered proof identifying the two surveys described in the sheriff's deed as being the land sued for by the plaintiff and being at the time of the sale in the possession of the defendant, Reeder, and not having been since then claimed by the plaintiff until the filing of this suit. Plaintiff objected to all of the proof relating to the execution and return thereon and loss of the execution as irrelevant and immaterial and objected to the sheriff's deed for the reason that it was void upon its face; that it did not describe the land as being situated in Coke County. The objections were sustained. Defendants then offered to prove by the deposition of L. B. Murray that he was sheriff of Coke County at the time referred to; that he received the execution mentioned, levied the same upon the land in controversy; that the execution and return thereon were substantially in compliance with the law regulating such matters; that he sold the land to R. K. Wiley and returned the execution to the District Court of Runnels County, and that the land he sold was situated in Coke County. Upon similar objections as before stated the court excluded the testimony.

The defendants introduced in evidence the deed from Eidson and his wife for the lands in controversy by which he conveyed them to D. P. Gay, N. T. Guest and J. C. Swift, of Runnels County, which deed was duly acknowledged and recorded in Coke County September 1, 1903. Eidson testified that he was indebted to R. K. Wiley in the sum of $2,000 by note, and that Gay, Guest and Swift were his sureties on the note and to secure them he had given a deed of trust upon this land. The parties threatened to sell the land to secure themselves, but in order to prevent a sale of the land he had made the deed conveying the land to his sureties for the purpose of securing them and with the understanding that it was to be a mortgage and, upon the payment of the debt, to be returned to him. In the view we take of the case it is unnecessary to notice any of the other issues which were raised. Trial was had before the judge without a jury and judgment was entered in favor of Eidson for the land and in favor of Reeder against Wiley on his warranty, which judgment the Court of Civil Appeals reversed and entered judgment against Eidson and in favor of Reeder and Wiley for the land.

The authority of the Court of Civil Appeals to enter the judgment in this case rests upon the following article of the Revised Statutes:

"Art. 1027. When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below."

The jurisdiction of the Court of Civil Appeals is appellate and it has no power to find facts in the first instance. Patrick v. Smith, 90 Texas, 267. In the case cited Chief Justice Gaines said: "It

is not the province of the Court of Civil Appeals to determine a question of fact in the first instance, their jurisdiction is to set aside a finding by the court or jury, when contrary to the evidence or against such a preponderance of the evidence that in their opinion it ought not to stand." The article above quoted confers authority upon the Court of Civil Appeals to enter the judgment which the trial court should have entered upon the evidence presented and admitted, and there is no difference between cases tried by the jury and those tried before the judge. The trial judge in this case after having excluded the evidence could not have entered judgment based upon it, although it might be regarded as undisputed, for the simple reason that it could not form the basis of his judgment until it had been placed before the court in the proper manner. Evidence can not be said to be undisputed until being before the court it has not been denied or controverted by the opposing party. The Court of Civil Appeals erred in entering judgment in this case based upon evidence not admitted at the trial of the case, for which error the judgment must be reversed.

The defendant in error, Wiley, insists that he was in possession of the land and that he was entitled to the benefit of the mortgage which was given by his debtor to secure the sureties upon the note and therefore that Eidson could not recover the land from him without paying the debt secured by the mortgage. This phase of the case has not been sufficiently developed for this court to say, as a matter of law, that the possession of Wiley was of such a character as to entitle him to the protection of the court as a mortgagee in rightful possession of the land. We refrain from any discussion of the facts as the case must be returned to the trial court for disposition.

For the error indicated above it is ordered that the judgment of the Court of Civil Appeals be reversed awarding a recovery of the land to the defendant in error and that this cause be remanded to the District Court for further trial.

*Reversed and remanded.*