STATE OF TEXAS V. I. W. ELLIS.

Decided March 18, 1908.

**1.—School Land—Home Section—Additional Land.**

An actual settler and resident upon an individual survey—or land other than school land—is entitled to purchase four sections of school land as additional thereto. Four additional sections constitute the complement of school land to which a settler is entitled.

**2.—Same—Vendee of Home Section.**

The fact that some previous owner of an individual survey had bought three sections of school land as additional thereto would not prevent any subsequent

owner of and resident upon such individual survey from also purchasing a complement of school land as additional thereto.

**3.—Appeal—Findings of Fact—Practice.**

Upon a motion for additional findings of fact, a Court of Civil Appeals cannot consider as evidence of any fact an affidavit attached to a motion for new trial in the court below when there is nothing in the record to show that the trial court considered said affidavit in finally disposing of the case.

**4.—Same—Case Followed.**

A Court of Civil Appeals has no power to consider a matter as evidence unless it was, in fact, introduced in evidence in the trial court. Eidson v. Reeder, 101 Texas, 202, followed.

Appeal from the District Court of Travis County. Tried below before Hon. V. L. Brooks.

*R. V. Davidson,* Attorney-General; *Wm. E. Hawkins,* Assistant Attorney-General, and *N. A. Rector,* for the State. Cited, Batts' Stats., art. 4218fff; Burnett v. Wommock, 12 Texas Ct. Rep., 360.

*Cochran & Penn* and *E. Cartledge,* for appellee.—It being shown by the allegations in the petition and by the evidence that appellee was, at the time he applied for the lands in controversy, the bona fide owner of, and actually resided upon, survey No. 511 in the name of Joseph Krone, and has ever since continued to reside upon and occupy same as his home; and it being also shown that each of the tracts of land in controversy is situated within five miles of said survey No. 511, and all of them were by the Land Commissioner sold and awarded to appellee, the trial court did not err in rendering judgment for the defendant, who is the appellee in this cause. Article 4218fff, Batts' Civil Texas Statutes; Robertson v. Sterrett, 96 Texas, 184.

On question as to what constitutes a complement or the quantity of land a purchaser may buy: Article 4218f, Batts' Civil Texas Statutes; Acts of 27th Legislature, Laws 1901, sec. 3, p. 294.

FISHER, CHIEF JUSTICE.—This suit was instituted in the District Court of Travis County, by the State of Texas against I. W. Ellis, to recover section No. 4, containing 706 acres; section No. 12, containing 640 acres; section No. 14, containing 706 acres, and section No. 16, containing 221 75/100 acres of land, all situated in Menard County, Texas, and particularly described in the petition. The petition alleged that N. H. Corder, who was the owner of and who resided upon as his home, survey No. 511, Joseph Krone, in Menard County, which was then and there individual lands, had on January 15, 1901, February 1, 1901, and October 23, 1901, purchased from the State of Texas public free school lands as additional to his home section, to wit: Survey 36, containing 640 acres; section 172, containing 640, and section 10, containing 249 acres, and that having purchased three additional sections to his individual home section he had exhausted his right to purchase from the State any public free school land as additional thereto. That Corder, after his pur-

chases, had conveyed said home section, Joseph Krone, No. 511, to the defendant I. W. Ellis, who thereafter resided upon said home section as his home.

That thereafter, on December 4, 1905, the defendant Ellis in due form of law, applied to buy as additional to his home the following public free school lands, to wit: Sec. 4, cert. 114a, B. B. B. & C. R. R. Co., containing 688 acres; sec. 12, cert. No. 116a, B. B. B. & C. R. R. Co., containing 640 acres; sec. 14, cert. 115a, B. B. B. & C. R. R. Co., containing 706 acres; sec. 16, cert. 117a, B. B. B. & C. R. R. Co., containing 221 75/100 acres, all situated in Menard County, Texas, and within a radius of five miles of said home survey, all of which sections were duly awarded to him by the Commissioner of the General Land Office. That said sales to said Ellis were illegal, in that Corder, the former owner of said home section has used said home section as a base for the purchase of three additional sections, and that the defendant Ellis, the subsequent owner of said home, could not use the same as a base for the purchase of any additional lands, and that if said home section were held and occupied by defendant Ellis as a home, and used as a base for the purchase of any additional lands, that the same could not be used for the purchase of more than one additional section, which, added to the three sections purchased by the said Corder, would complete the complement of public school lands that might be purchased as additional to a home section on individual lands.

The defendant answered by general demurrer, general denial and plea of not guilty. And by special answer, electing to hold of his said purchases fractional section No. 16, and section No. 12, in case it should be decided that his purchases were excessive.

The cause was tried before the court without a jury, and judgment was rendered that the State take nothing by its suit, and that the defendant recover his costs.

The facts are as follows: "1.—That N. H. Corder, at the time he purchased the school land hereinafter stated, as additional land to survey No. 511, in the name of Joseph Krone, situated in Menard County, was the bona fide owner of and resided upon said survey No. 511. That on January 15, 1901, the said N. H. Corder applied for and purchased sec. No. 36, cert. No. 1264, block A, G. H. & S. A. Ry. Co., containing 640 acres of land, and on February 1, 1901, the said Corder applied for and purchased section 172, cert. No. 2074, G. C. & S. F. Ry. Co., containing 640 acres, and on October 23, 1901, the said Corder also purchased fractional section No. 10, cert. No. 1/107, in the name of B. S. & F., containing 249 acres of land, all as additional land to said survey No. 511. That after the purchase of said lands, as stated above, the said Corder continued to reside upon said survey No. 511 as his home until the elapse of a period of three consecutive years next succeeding the date of the purchase of the last tract of school land above mentioned. And thereafter the said Corder sold, by proper deed, the said survey No. 511 to I. W. Ellis, defendant in this case.

"2.—That on or about 20th November, 1905, the Commissioner of the General Land Office duly classified and appraised the four

sections of land involved in this suit, to wit: sections 4, 12, 14 and 16, all in the name of B. B. B. & C. Ry. Co., situated in Menard County, as dry grazing land, and valued each of said sections at $2 per acre. The said section 4 contained 688 acres, section 12 contained 640, section 14 contained 706 acres, and fractional section 16 contained 221¾ acres, of which said classification and valuation the county clerk of Menard County was duly notified. That thereafter on, to wit, December 4, 1905, the defendant I. W. Ellis made his several applications to purchase each of said tracts of land at the classification and value above stated. That said applications were made upon blank forms prescribed by the Commissioner of the General Land Office, and were by said defendant duly sworn to and filed in the Land Office December 4, 1905. That attached to each of said applications was defendant's obligation for 39-40 of the purchase price of the land. That at the time of filing said applications the defendant Ellis also transmitted to the State Treasurer 1-40 of the purchase price of said land in cash. In each of said applications it was shown that the defendant Ellis sought to purchase this land as additional land to survey No. 511, upon which he made oath that he was the bona fide owner of the same, and resided thereon, all of which is here agreed to be a fact. That each of said applications was duly mailed to the Commissioner of the General Land Office, and were by him received and filed on December 4, 1905. That thereafter each of said tracts of land were by the Commissioner of the General Land Office awarded to the said defendant Ellis. It is also agreed that since the date of said applications, the defendant Ellis has continued to reside upon and occupy the said survey No. 511 as his home. That said Ellis has not, since April 19, 1901, purchased from the State any other school lands.

"3.—It was also agreed that there were no other applications for said land made and filed in the Land Office until January 2, 1906, when there were various applications for said land filed in the Land Office; but upon said date the parties hereinbelow named were the highest and best bids for the respective tracts of land as follows: J. S. Lisenbee bid $3.05 for said section No. 4, and $3.05 for said section No. 14, which said latter section was applied for as additional to home section No. 4; Lewis Schneider bid $3.55 an acre for section No. 12 as a home section and Samuel Zettlemeyer bid $3.35 for fractional section No. 16, as a home.

"That the application of each of said parties were upon proper blanks prescribed by the Commissioner, and to each was attached respectively the application (obligation) of the proposed purchaser for 39-40 of the purchase price so bid. That at the same time each of the said parties transmitted in cash to the State Treasurer 1-40 of the purchase price so bid for each respective section. That each of said applications were rejected by the Commissioner of the General Land Office, for the reason that the land so applied for by them had been previously applied for and awarded to the said Ellis, and the money which had been deposited in the State treasury on account of said applications was returned to said applicants respectively.

"4.—That ever since 1897 it has been the uniform rule and prac-

tice of the various Land Commissioners to sell to any bona fide owner
of and resident upon any other lands contiguous to the public free
school lands, or within a radius of five miles thereof, the quantity
of four sections as additional to such ownership and residence upon
such other lands.

"5.—That ever since 1897 it had likewise been the uniform rule
and practice of the Land Commissioner after a sale had been made
to one ·person of more than one section of land, and such purchaser
had sold one or more of the additional sections so purchased by him
to another party, who became an actual settler thereon, to permit
such other party to select and buy additional school lands, not ex-
ceeding three sections, within the proper radius, as additional land
to his home upon such additional section so owned and occupied by
him, and under such rule and practice in case of the purchase of
additional lands by such other party after the lapse of three years
from the date of the original purchase of any additional land, such
other party would be required to occupy lands purchased by him
for three consecutive years next succeeding his purchase."

The objections urged by the State to the judgment ·rendered in
the court below are presented in two assignments of errors con-
tained in its brief.  Under the first assignment there is presented
this proposition:  "N. H. Corder, during the year 1901, lived upon
the individual survey 511, in the name of Joseph Krone, and while
so residing upon said home section, having used the same as a base
for the purchase of three sections of public school land as additional
to his home, exhausted his right or the right of appellee I. W. Ellis
to use said home survey as a base for the purchase of any school
lands as · additional thereto."

Under the second assignment of error is presented this proposition:
"When a home survey has been made· the base for the purchase of
additional school lands to the amount of three. sections, it can not
thereafter, in the hands of said owner or in the hands of his vendee,
be made the base for the purchase of more than one section of
school land as additional thereto; and the court below erred in hold-
ing that the limitation as to the purchase of additional lands to a
home was a limitation on the purchaser and not a servitude upon
the home section."

These two assignments present the questions raised upon this
appeal, which by the trial court was decided adversely to the con-
tention of the State.  This case will doubtless go to the Supreme
Court; therefore we see no reason for stating our views upon the
questions raised, other than to say that the trial court was correct
in the conclusion reached.

We find no error in the record and the judgment is affirmed.

### ON · REHEARING.

We have some doubt as to the correctness of our former disposition
of this case, but we conclude to affirm it.

The appellant has on file a motion and a request for additional
findings of fact.  In the motion so made the facts which we are

requested to find are set out. There is no evidence in the statement of facts that would authorize us to grant the motion. The facts which we are requested to find only appear from an affidavit appended to appellant's motion for a new trial in the court below, and there is nothing in the record indicating that the trial court, in finally disposing of this case, considered this affidavit. We set out substantially in our original opinion the only two assignments of error that were brought forward from the record and placed in appellant's brief, and the brief contains no assignment complaining of the action of the trial court in overruling the motion for new trial, or that the court erred in not considering the affidavit attached to the motion as evidence.

It has been held by the Supreme Court in Eidson v. Reeder, 101 Texas, 202, that the Court of Civil Appeals has no power to consider a matter claimed to be admissible as evidence, unless it was offered and introduced as evidence in the court below.

Both motions are overruled.

*Affirmed.*

Writ of error refused.