## WILSON et al. v. DICKSON et al.

### No. 1393-5611.

Commission of Appeals of Texas, Section A.

March 4, 1931.

B. F. Gafford and W. J. Durham, both of Sherman, for plaintiffs in error.

Mike E. Smith and Fred Dudley, both of Fort Worth, Hamp P. Abney, of Sherman, and R. D. Evans, of Waco, for defendants in error.

SHARP, J.

For the sake of convenience we will describe the parties to this suit as plaintiffs and defendants as was done in the trial court.

This suit was originally brought in the district court of Grayson county by W. L. Dickson and R. M. Gilbert, as equitable trustees for the Baptist Missionary and Educational Convention of the State of Texas, a colored religious corporation, against E. Arlington Wilson, J. S. Simmons, T. S. Boone, J. H. Harrington, Joseph A. Brown, P. W. Wesley, J. S. Adair, and L. K. Williams. Plaintiffs charged the defendants with fraud in obtaining possession of certain corporate offices and in handling the affairs of the corporation, and asked for an accounting.

They further alleged that defendants were wrongfully in control of certain offices in that organization and were in possession of property belonging to such corporation. They also alleged that the defendants had been serving as officers and trustees of such corporation for many years prior to the date plaintiffs filed their first original petition. In that petition plaintiffs' prayer was for a temporary injunction restraining defendants from serving as officers at the 1928 annual meeting of such corporation. They alleged

702

that defendants were claiming their rights to act as officers at the 1928 annual meeting by virtue of having been elected to such offices at the corporation's annual meeting held in Paris, Tex., in 1927, which plaintiffs claimed was an illegal election.

Plaintiffs, on October 20, 1928, adopted the petition filed on the 17th of October, 1928, by Dickson and Gilbert, and on said date filed a second original petition where W. L. Dickson and R. M. Gilbert were joined by A. Jordan, T. W. George, Jr., A. W. Pryor, I. S. Barron, W. F. Bledsoe, W. M. Coleman, and S. S. Stephens. In this petition plaintiffs styled themselves as the executive trustees of the Baptist Missionary and Educational Convention of the State of Texas, alleging that plaintiffs had been elected trustees of such corporation at the 1928 annual meeting of the Baptist Missionary and Educational Convention of Texas, which was then in session at Sherman, Tex. They complained that defendants were falsely holding themselves out as the head of a minority group of delegates as officers and agents of the corporation. Plaintiffs' prayer under such petition was for an enlargement of the injunction granted by the Honorable F. E. Wilcox, Judge of the Fifty-Ninth Judicial District, under the petition filed by W. L. Dickson and R. M. Gilbert on October 17, 1928, so as to prevent defendants from acting in any way as officers of the corporation.

The case was tried upon its merits before the Honorable Silas Hare, Judge of the Fifteenth Judicial District of Texas, without a jury. The trial judge entered a judgment in favor of defendants and dissolved the injunction that had been issued in the case. An appeal was taken to the Court of Civil Appeals at Dallas, and that court reversed and rendered, in part, and affirmed, in part, the judgment rendered by the trial court. 21 S.W.(2d) 1072, 1075. A writ of error was granted by the Supreme Court.

In addition to the temporary writ of injunction granted by Judge F. E. Wilcox, the Court of Civil Appeals entered orders authorizing writs of injunction, or prohibition, against both plaintiffs and defendants. The Supreme Court also granted a writ of injunction, or prohibition, against the defendants in error, who were the plaintiffs in the trial court, restraining said defendants in error from holding the meeting of the Baptist Missionary and Educational Convention of the State of Texas at Dallas on the 5th day of February, 1930, and from holding a corporate meeting of the Baptist Missionary and Educational Convention of the State of Texas at any other time and place in the State of Texas during the pendency of this cause in the Supreme Court until the further orders of said court.

The trial court filed its findings of fact and conclusions of law as follows:

"I. The Baptist Missionary and Educational Convention of the State of Texas is duly incorporated under the laws of the State of Texas.

"II. This corporation adopted a constitution, Article IV of which is as follows:

" 'Any member in good standing with his or her Church, the same (Church) being a member or cooperant of this Convention or affiliation, may become a member of this Convention.

" 'Section 2: The membership of this organization shall be divided into three classes as to enrollment, A. B. C.

" 'A, messengers, laymen and licensed ministers, $2.50.

" 'B, pastors or ordained elders $5.00 and

" 'C, annual members $2.50.

" 'Section 3: Annual members may have equal privileges with the regular messengers and pastors except to hold office; and no Church shall be allowed more than three messengers for each one hundred members represented in the convention.

" 'Section 4: No person shall be allowed voice or vote on the floor of this convention until requirements of Article IV, Sections 1, 2 and 3 shall have been met.'

"III. That at an annual meeting of the Corporation in Paris in 1927, E. Arlington Wilson, J. H. Harrington, H. M. Edwards, J. S. Varner, C. V. Choice, J. S. Simmons, Joseph A. Brown, P. W. Wesley, J. S. Adair, A. M. Moore, and A. S. Terrell, were duly and regularly elected officers of the corporation, and served as such afterwards until the annual Convention of said corporation which assembled in the City of Sherman, October 17, 1928.

"IV. That the annual meeting of the corporation was called to order October 17, 1928, in Sherman, Texas. At this meeting, E. Arlington Wilson was elected President. Prior to his election 59 ministers and 161 messengers had complied with the constitutional requirements of paying their dues.

"V. The majority of the people in the room at the time of the election favored E. L. Harrison for President, but they had not complied with this necessary requirement, hence they were not entitled to vote.

"VI. The program was not carried out as printed, but by a majority vote of the qualified delegates present the order of procedure was amended, and under it E. Arlington Wilson was elected, as above stated.

"VII. That when said corporation assembled at its annual meeting and convention in the City of Sherman, Texas, on October 17, 1928, there were at least eight holdover trustees in attendance there who had charge of the secular affairs of said corporation, and had been elected regularly as the trustees of

said corporation prior to the meeting of said annual convention thereof in the City of Sherman, Texas, October 17, 1928, and were as follows: J. A. Brown, William Bowden, O. C. Colbert and L. W. Fuller, who were elected such trustees at the annual meeting of said corporation held in Houston, Texas, in October 1926, and J. H. Harrington, H. M. Edwards, W. H. Varner and C. V. Choice who were regularly elected trustees of said corporation at its annual meeting in Paris, Texas, in October, 1927.

"VIII. That the annual meeting of said corporation held in the City of Sherman, Texas, in October, 1927, there was regularly elected four trustees for said corporation as follows: D. L. Penn, J. E. Campbell, Joseph Wilson, Jr., and D. L. Trammell.

"IX. That J. A. Brown, William Bowden, O. C. Colbert, L. W. Fuller, J. H. Harrington, H. M. Edwards, W. H. Varner, C. V. Choice, D. L. Penn, J. E. Campbell, Joseph Wilson, Jr., and D. L. Trammell, constitute the twelve trustees of said Baptist Missionary and Educational Convention of the State of Texas. That at the time of the service of the writ of injunction issued by order of the Honorable F. E. Wilcox, Judge of the 59th Judicial District of Texas, upon E. Arlington Wilson, J. H. Harrington, T. S. Boone, J. S. Simmons, Joseph A. Brown, P. W. Wesley and J. S. Adair at Sherman, Texas, on October 17, 1928, restraining said persons from acting as officers of said corporation, the election of the officers thereof at said annual meeting of said corporation had already taken place, and said officers of said corporation had been duly declared as the officers thereof.

"X. That the persons who claimed to be delegates to the annual convention of said corporation which assembled in Sherman, Texas, on October 17, 1928, and who constituted the Harrison Faction represented by plaintiffs in this cause did not regularly enroll and pay their dues to T. S. Boone, chairman of the enrollment committee duly appointed by the officers of said convention, were not enrolled and certified as delegates to said annual convention of the corporation as provided and required by the constitution of said corporation and were not entitled to participate in the proceedings of the said annual meeting or convention of said corporation held in Sherman, Texas, on October 17, to October 21, 1928.

### "Conclusions of Law.

"I therefore find for the defendants in this, case, dissolving the injunction and taxing the costs against the plaintiffs."

Counsel for the defendants contend that the Court of Civil Appeals exceeded its authority in overturning the findings of fact by the trial court and in rendering final judgment in part as was done in this case. We think this assignment must be sustained.

The trial court found that at the annual meeting of the corporation in Paris in 1927, E. Arlington Wilson, J. H. Harrington, H. M. Edwards, J. S. Varner, C. V. Choice, J. S. Simmons, Joseph A. Brown, P. W. Wesley, J. S. Adair, A. M. Moore, and A. S. Terrell, were duly and regularly elected officers of the corporation and served as such afterwards until the annual convention of said corporation which assembled in the city of Sherman on October 17, 1928.

That when the corporation assembled at its annual meeting in Sherman on October 17, 1928, there were at least eight holdover trustees in attendance who had charge of the secular affairs of the corporation and had been elected regularly as the trustees of the corporation prior to the meeting of the annual convention in Sherman on October 17, 1928, and the holdover trustees were J. A. Brown, William Bowden, O. C. Colbert, and L. W. Fuller, who were elected trustees at the annual meeting in Houston in October, 1926, and J. H. Harrington, H. M. Edwards, W. H. Varner, and C. V. Choice were regularly elected trustees of the corporation at its annual meeting in Paris in October, 1927.

That at the annual meeting of the corporation held in Sherman, Tex., in October, 1927, there was regularly elected four trustees for the corporation as follows: D. L. Penn, J. E. Campbell, Joseph Wilson, Jr., and D. L. Trammell. That J. A. Brown, William Bowden, O. C. Colbert, L. W. Fuller, J. H. Harrington, H. M. Edwards, W. H. Varner, C. V. Choice, D. L. Penn, J. E. Campbell, Joseph Wilson, Jr., and D. L. Trammell constitute the 12 trustees of the Baptist Missionary and Educational Convention of the State of Texas. That at the time of the service of the writ of injunction issued by Honorable F. E. Wilcox, Judge of the Fifty-Ninth Judicial District of Texas, upon E. Arlington Wilson, J. H. Harrington, T. S. Boone, J. S. Simmons, Joseph A. Brown, P. W. Wesley, and J. S. Adair, at Sherman, Tex., on October 17, 1928, restraining them from acting as officers of said corporation, the election of the officers thereof at said annual meeting of the corporation had already taken place and that the officers of said corporation had been duly declared as the officers thereof.

The Court of Civil Appeals in its opinion holds:

"That E. L. Harrison was legally elected president of the convention at its Sherman meeting in October, 1928, and not E. Arlington Wilson, as found by the trial court; that A. W. Pryor, J. S. Barron, T. E. George, Jr., and W. L. Dickson were elected trustees, and not D. L. Penn, J. E. Campbell, Joseph Wilson, Jr., and D. T. Campbell, as found by the trial

court; accordingly the judgment below is reversed and rendered here in favor of those found by us to have been legally elected, as above named; that other appellants take *nothing by their appeal and the judgment below, in all other respects, is affirmed.*"

 As we construe the opinion of the Court of Civil Appeals, it is in effect held in reaching a conclusion that the evidence shows as a matter of law that some of the defendants were not entitled to recover in this suit, and for that reason overturned the findings of the trial court and rendered judgment for some of the plaintiffs, as shown by the foregoing opinion. This holding by the Court of Civil Appeals gives the Supreme Court the power to review the evidence. Marshburn v. Stewart, 113 Tex. 518, 254 S. W. 942, 260 S. W. 565; Tweed v. Western Union Tel. Co., 107 Tex. 247, 255, 166 S. W. 696, 177 S. W. 957; Beck v. Texas Co., 105 Tex. 303, 148 S. W. 295. While the testimony in some respects is sharply conflicting, yet in view of the findings of fact made by the trial court and of the evidence adduced upon the trial, we are of the opinion that the Court of Civil Appeals erred in reversing and rendering this cause in part as was done. We have carefully considered all the testimony, and we think it tends to support the findings of the trial court and warranted the court in making the foregoing findings.

 It is a definitely settled rule in this state that when the trial court makes findings of fact which find support in the evidence introduced upon the trial, the Court of Civil Appeals is not authorized to overturn the findings of fact and render final judgment to the contrary. Patrick v. Smith, 90 Tex. 267, 38 S. W. 17; Houston & T. C. Ry. Co. v. Strycharski, 92 Tex. 1, 37 S. W. 415, 417; Choate v. S. A. & A. P. Ry. Co., 91 Tex. 406, 44 S. W. 69; Eidson v. Reeder, 101 Tex. 202, 105 S. W. 1113. Judge Brown clearly states the rule in the case of Houston & T. C. Ry. Co. v. Strycharski, as follows:

"In the exercise of its appellate jurisdiction, a court of civil appeals may draw from the evidence conclusions of fact different from those arrived at by the jury or judge, and it may reverse the judgment of the lower court, and remand the cause, for the reason that the verdict and judgment are against the weight of the evidence. But the determination of questions of fact as the basis of a final judgment involves the exercise of original jurisdiction which has not been conferred upon the courts of civil appeals.

In view of the disposition that we have made of this case, it is unnecessary for us to pass upon the other assignments of error presented.

Therefore, we recommend the following:

(a) That that part of the judgment of the Court of Civil Appeals, reversing and rendering in part the judgment of the trial court herein, be reversed, and that the judgment of the trial court be in all respects affirmed.

(b) That all orders entered in this cause authorizing the issuance of writs of injunction or prohibition be set aside and all writs issued thereon be dissolved.

CURETON, C. J.

Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.