**S. H. KRESS & CO. v. STEWART et ux.**

No. 3584.

Court of Civil Appeals of Texas. Amarillo.

April 8, 1931.

Rehearing Denied April 29, 1931.

Boyd Porter, Jr., of Fort Worth, and Bunnenberg & Nelson, of Wichita Falls, for appellant.

Carrigan, King & Surles, of Wichita Falls, for appellees.

## RANDOLPH, J.

Stewart and wife sued appellant for injuries sustained by Mrs. Stewart as the result of a fall off of a step as she was leaving appellant's restroom shortly after she had entered same.

The appellees in their petition alleged negligence on the part of appellant in the following particulars: (1) That the restroom and the door thereto were negligently and carelessly constructed so that there was an eight-inch drop immediately in front of the door; (2) that appellant negligently allowed and permitted the door to remain in this position with this eight-inch drop immediately in front of it, with full knowledge of the situation for something like twenty years or more; (3) that the appellant was guilty of negligence in failing to furnish sufficient light in the hallway leading to the restroom and particularly with reference to the vicinity of the step just outside the door thereof, to enable Mrs. Stewart to see the danger created thereby and to avoid the injury she suffered; (4) that appellant was negligent in failing to have a light in said restroom when the store was open and customers were visiting the store so that customers on entering the restroom could see and observe the step up upon entering; (5) that appellant was guilty of negligence, since it had constructed the restroom with a drop in front of the door and with the walls so constructed as to partially cut off the light, not warning Mrs. Stewart by sign or otherwise either at the time she entered or left the restroom, with reference to the presence of the drop at the door of said room.

The appellant by its answer pleaded that Mrs. Stewart was a trespasser, and, if not a trespasser, was a licensee upon appellant's premises; that the step or change of level complained of was the usual, customary, and ordinary manner of construction of the approach to all restrooms and toilets above the first floor, so that the plumbing might be placed beneath such step without weakening the strength of the floor and ceiling on which it is situated; that the step extended some six inches beyond the facing of the door to the restroom, which swings inward, so that the person leaving such restroom must pause a distance of at least two and one-half feet or three feet from the step in order to pass out of the restroom, and in traversing such distance the step is fully exposed to the view of such person leaving such restroom; that such step is well lighted and visible both from within the restroom and passageway leading to same; that in entering the restroom the injured appellee became aware of and cognizant of the step or should have become aware of and cognizant of the step; that the injuries sustained by Mrs. Stewart were brought about by her own carelessness and negligence in failing to observe the step and in forgetting to take the step into consideration upon leaving the room and in failing to pause a moment to observe the existence of the step and to accustom her vision to her surroundings before leaving the restroom; that any injuries she may have suffered were caused and brought about through her carelessness and negligence in failing to be properly observant and careful and to keep a proper lookout both at the time she was entering the restroom and in leaving the same; that any injuries she may have sustained were in consequence of her own negligence in failing to observe the construction about and around the restroom and in failing to ascertain the existence of such step; that such acts of negligence were concurred in and contributed to Mrs. Stewart's injuries and was contributory negligence; also pleads assumed risk and estoppel.

The court submitted all issues of negligence to the jury covering the charges set out in appellees' petition and also submitted the issue of contributory negligence, and the jury answered each issue unfavorably to the appellant. No complaint is made as to the charge of the court, except that under the evidence the trial court should have instructed a verdict for the appellant upon the theory that the evidence showed that Mrs. Stewart was guilty of contributory negligence and was thereby estopped from recovering for her injuries.

We find that there is evidence supporting the verdict of the jury in answer to the issues submitted.

Mrs. Stewart entered the appellant's store, and, on inquiry for the location of the restroom, was directed upstairs where it was situated. She and her daughter entered the restroom. The floor of the restroom was approximately eight inches above the hall floor through which hall they had proceeded to the restroom. The daughter assisted Mrs. Stewart in entering the restroom, and Mrs. Stewart testified that for that reason she never noticed the step up when she entered it. On going out of the restroom she fell and broke her foot. As is usual in cases where negligence is charged, the evidence was sharply conflicting. Mrs. Stewart and her witnesses testified as to the approach through a small hallway to the restroom; that it was

insufficiently lighted; that it was so dark as to interfere with their seeing the step up; that the light at the head of the stairway was not burning; that the switch to the light inside the restroom was broken and was not burning; that this switch had been broken for some time.

It can serve no useful purpose to quote the testimony further, as the jury determined the fact issues in favor of appellees, and we have no authority to disturb the findings based on the evidence. There being evidence to support the verdict, we cannot hold, as a matter of law, that Mrs. Stewart was guilty of contributory negligence and is thereby estopped from a recovery. Lee v. I. & G. N. Ry. Co., 89 Tex. 583, 36 S. W. 63; Paternostro v. Bradley (Tex. Civ. App.) 262 S. W. 896; Hillsboro v. Jackson, 18 Tex. Civ. App. 325, 44 S. W. 1010; Lancaster v. Browder (Tex. Civ. App.) 243 S.W. 625.

Where the jury has evidence before it, even though strongly contested, we cannot set aside the verdict or ignore it, and the trial court could not direct a verdict for the appellant. Westchester Fire Ins. Co. v. Biggs (Tex. Civ. App.) 216 S. W. 274; Hoot v. Walker County Lbr. Co. (Tex. Civ. App.) 219 S. W. 544; Grice v. Herrick Hdwe. Co. (Tex. Civ. App.) 219. S. W. 502; O'Fiel v. Janes (Tex. Civ. App.) 220 S. W. 371, writ denied.

This holding applies also to the trial court's findings of facts. Wilson v. Dickson (Tex. Com. App.) 35 S.W.(2d) 701, 704.

We therefore affirm the judgment of the trial court.